# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF VERMONT

UNITED STATES OF AMERICA
Plaintiff

-vs-    Docket:   03 CR 54

JORGE TORRES
Defendant

## MOTION TO COMPEL
## THE UNITED STATES GOVERNMENT TO GIVE TRUTHFUL INFORMATION TO THIS HONORABLE COURT AND TO ABSTAIN FROM GIVING MISLEADING, UNTRUTHFUL, INFORMATION, AND PERFORMING ILEGAL ACTIVITIES AGAINST THE DEFENDANT..
## PURSUANT TO THE UNITED STATES CONSTITUTION AND LAWS AND PURSUANT TO 28 U.S.C. § 530B

NOW COMES, The Defendant, JORGE TORRES, in *propia persona* and in *forma pauperis* and file this his motion to compel the government to stop withholding information and misleading this honorable court in violation of Federal Rules of Criminal Procedures, Federal Laws, and TREATISES and The United States constitution and in support states the following:

Defendant was arrested in connection to these charges on November 29th, 2009. by the Royal Canadian Mountain Police at the request of the United States of America and while in prison was re-arrested on or about **April, 2003** at the request of the United States of America for the purpose of EXTRADITION proceedings and the transfer of the defendant to jurisdiction of the United States District Court for the district of Vermont at Burlington.

On the same year 2003, the Honorable Judge Zigman from the Superior Court of Quebec, Canada, ordered the committal of the defendant pursuant to the relevant treaty

of extradition between Canada and the United States of America to stand trial on counts one (1) and three (3) of the indictment and denied the surrender or committal on count two (2), as per ARTICLE 10 of said treaty for insufficient evidence, The Honorable Judge Zigman ordered, the final committal only for counts one (1) and three (3) of the indictment and barred further prosecution or trial on count two (2) as prescribed by ARTICLE 12 of the Treaty.

On the same year 2003, the defendant fired his attorney Ian P. Carleton and Clemente Monterosso for ineffective assistance of counsels and after finding out that Ian P. Carleton was giving attorney client privilege information to the prosecutor William B. Darrow and was using illegal methods of misleading counseling and threats made by said prosecutor with the assistance of the Canadian attorney Clemente Monterosso who furthermore was discovered to be a Prosecutor in the city of Amos, Quebec, Canada and was fired by a client in the International Criminal Tribunal for the massacre in Rwanda (ICTR) for giving attorney client privileged information on his client to the prosecutors in violation of ethics and laws.

On the same year 2003, the defendant requested all files from this corrupted attorney Ian P. Carleton who by the way was a clerk to the Honorable William K. Session III, and in the file discovered inappropriate e-mail between the before mentioned attorneys.

On or about year 2004, the defendant after the discovery of all this illegal actions and prosecutorial vendetta against the defendant, the defendant summited a letter with all evidence to the Honorable Irwin Cotler, Minister of Justice of Canada who delayed his committal to the United States of America in violation of the laws.

On or about March 22nd, 2004. The defendant files a civil lawsuit *Torres vs. The United States of America* under the docket number **04 CV 64 filed in the District of Vermont**, in this honorable court and summits all evidence that proof the false affidavit filed under docket number **03 MJ 14 filed in the District of Vermont**, by United States Border Patrol Agent James Weldon (Retired) who was the lead investigator on this before entitled matter and was the Investigator who lied and provided illegally, fabricated evidence in front of this honorable court.

On or about the same year 2004, the defendant files a complaint against the U.S. investigators with the Royal Canadian Mounted Police and the conclusion of the said investigation was that the United States Government agents were fabricating evidence and was committing perjury in Canadian Courts and were not telling the truth with the illegal intention of fabricating a case against the defendant.

On or about June 9th, 2004. The defendant filed a successful *Habeas Corpus* in Canada, see. *JORGE TORRES vs. THE UNITED STATES OF AMERICA, Respondent, and LE DIRECTEUR DU CENTRE DE DÉTENTION R.D.P.* third party. Presided by the Honorable THE HONOURABLE Mr. JUSTICE J. FRASER MARTIN, J.S.C under the docket number **500-36-003375-048** where it was decided that the defendant WAS BEING ILEGALY DETAINED OR IMPRISONED at the request or pursuant to a request of the United States of America. In rendering its judgment the Honorable judge stated the following:

[2]    There is one thing that is clear. This is intended to be an expeditive procedure, the act is drafted in that fashion, delays are set out and the delays stand to be respected.

[5]    Giving this the most charitable interpretation that it can be given, from the point of view of the Minister of Justice, Mr. Torres **has one way or the other been detained illegally since the 13th of March** because he was entitled to do a decision by that date at the very least.

On or about June 9th, 2004. The defendant was released from this illegal detention, without documents, without Canadian Work permit, without Health Care, without any monies, WITHOUT any way of gaining any livelihood for his family, and the United States of America NEVER appealed that decision.

On or about April 2005-2006. The defendant decided and with the counsel of his Canadian Attorney Me. Gaetan Bourassa, decided to move to the Dominican Republic where he is also besides the United States is a citizen by being born to a Dominican Citizen Mother and where his mother Ana Rita Soledad Puello Lopez was living at that time.

From the time of his discharge out of custody to the time of the last affidavit presented and summited it has been over 5 years and the defendant has not been a fugitive of the United States of America. The United States has had knowledge of the whereabouts at all time of the defendant and the defendant has paid federal taxes and file federal income tax in several years after his released, the United States has made no effort in those years to secure his re-arrest on this same charges.

Furthermore after the defendant brave actions in Haiti after the events following that very horrible earthquake, the United States Attorney's office in Burlington lies to the world by claiming that the defendant was a fugitive, and that said office had always an interest in him and started an International illegal manhunt of the defendant in violation of United States laws and treaties and foreign laws.

# VIOLATIONS OF LAWS
## MADE BY THE UNITED STATES GOVERNMENT
## AND
## WILLIAM B. DARROW
## AND
## OTHER UNKNOWN U.S. GOVERNMENT EMPLOYEES

On or about February 12th, 2010. United States Federal Agents and Members of the Diplomatic Corps of the United States without any Jurisdiction under color of law and in violation of Dominican Republic laws and Sovereignty break and enter in front of media cameras from CNN the house of the mother of Jorge Torres, Ana Rita Soledad Puello Lopez who is a United States Citizen living abroad, during the recording from CNN, this U.S. Citizen is heard loudly **WERE IS THE WARRANT OR SEARCH WARRANT OF MY HOME, WHERE ARE THE DOMINICAN AUTHORITIES WHO ARE THE ONE WHO HAS JURISDICTION OVER THIS. WHAT IS U.S. EMBASSY EMPLOYEE DOING BY ENTERING MY PROPERTY WITH OUT MY PERMISSION? ETC.**

On or about February 12th, 2010. Assistant United States Attorney William B. Darrow knowingly and willfully with the help of others and acting under the color of federal law, tried to abduct, Jorge Torres from the Dominican Republic and illegally placed in danger the lives of five (5) United States Citizens, namely Mrs. Ana Rita Soledad Puello Lopez, Franco Emanuel Cerminara Puello, Giovanny Cerminara Puello, Gabriela Cerminara Puello. Who were placed in danger by U.S. Government official who were pointing guns at these U.S. Citizens in Foreign Soil.

On or about February 16th, 2010. Attorneys for the Puello family contacted the United States Department of State to complaint about the actions of these International Mercenaries and murderers hired by AUSA William B. Darrow and other conspirators in the violation of several international laws and Dominican Republic laws and were informed that that was not the policy of the United States Government to conduct illegal activities in foreign soil.

On or about February 18th, 2010. AUSA William B. Darrow misguides, misinforms, by summiting a untruthful affidavit lies and hides facts in order to secure an affidavit to secure a 2nd Extradition request from the Dominican Republic. The misleading and hidden information from this Honorable court are as follow:

1. That AUSA William B. Darrow has a personal vendetta against the defendant and will use any illegal means including withholding information, not telling the truth and by force compelling others to lie to this Honorable Court.

2. That the will of AUSA William B. Darrow is to find and prosecute the defendant as principal to an offence committed by others who while the defendant was in prison or out of the country were committing the same crimes without the U.S. Government doing nothing to stop them and prosecute them or charging them as required by law. See. *United States vs. Salcedo* docket numbers **08 MJ 50 and 08 CR 73**, where the same defendant Angel Arias and others keep crossing the Border on their own. **BUT SINCE THEY ARE PROTECTED BY AUSA WILLIAM B. DARROW. THEY GET LOW SENTENCE AND GETS AWAY WITH THE CHARGES.**

3. The AUSA William B. Darrow never requested the Extradition of Oscar Santana, his cousin, Hugo Badilla Chavez (Currently in the U.S. commiting immigration crimes in the U.S. Southern Border), and others in plain disregard of the law and with the intention of doing a selective **PERSECUTION AND PROSECUTION** of the *defendant*.

4. The AUSA William B. Darrow hides from this Honorable Court the fact that the defendant is dual **United States Citizen and Dominican Republic Citizen** with the intention of misguiding and misleading the OIA of the Department of State and this Honorable Court, because if he states the truth it was going to make it harder on the Department of Justice and this Court the decision whether to seek a **SECOND EXTRADITION REQUEST**.

5. The AUSA William B. Darrow hides from this Honorable Court the fact that the defendant was requested in 2003 from Canada on an Extradition Request and a Judgment was rendered on this same matter creating a *RES JUDICATA* on this case.

6. The AUSA William B. Darrow hides from this Honorable Court and from the United States Department of State and Justice the fact that the current extradition agreement with the Dominican Republic contemplates only a list of crime for which the defendant can be surrendered and the CRIME OF ALIEN SMUGGLING is NOT ONE OF THEM making it impossible his extradition to the United States and an abuse of Process and funds.

7. The AUSA William B. Darrow hides from this Honorable Court the fact that the United States Government knew at all-times where the defendant was and hides the fact that the defendant while in Canada was not a fugitive, and was released from custody in a *Habeas Corpus* petition. With the intention of not lifting the toll on the Speedy Trial Act and other laws that due to the circumstances of this case will render the defendant not prosecutable.

8. The AUSA William B. Darrow is abusing his position as AUSA to misguide this Honorable Court in disrespect of the Laws and the defendant rights to be tried promptly for the allege crimes.

9. The AUSA William B. Darrow is hiding from the court that the witnesses for cross examination will not be available at trial and that one of the Witnesses Sergio Francisco Chacon-Gomez has lied to this Honorable court about his name and other facts in order to secure work in the United States at the help of AUSA William B. Darrow, This person has used the system in order to obtain permission to work and live in the United States with the help of AUSA William B. Darrow and others. See. *United States vs. Chacon-Gomez* **03 CR 22.**

10. The AUSA William B. Darrow has hidden information from this court including the letter from BELL CANADA certifying that U.S. Border Patrol James Weldon lied to the Magistrate Judge Niedermeir when he stated that the phone number was the defendant home number. Amongst other lies on the affidavit.

Therefore the defendant prays that this honorable court GRANT this hi MOTION to compels the government to provide truthful information to this honorable court and starts an investigation in to the prosecutorial misconduct of AUSA William B. Darrow and assign another Assistance United States District Attorney to this case for the best interest of justice.

And Grants, All other relief that the defendant may be entitled to.

Signed, in the City of Santo Domingo de Guzman, on this 8th, day of March, 2010.

_____
JORGE TORRES, Defendant *pro se*.